IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3049 |
| vs. | |
| ABRAHAM NUNEZ-MEJIA, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Abraham Nunez-Mejia's objection (filing 34) to the Findings and Recommendation and Order (filing 33) of the Magistrate Judge, recommending that the defendant's Motion to Suppress (filing 17) be denied. The Court has conducted a *de novo* review of the motion to suppress, pursuant to 28 U.S.C. § 636(b)(1). The Court concurs in the Magistrate Judge's factual findings, analysis, and conclusions of law. *See* filing 35. The Court therefore finds the defendant's objection to be without merit, and will adopt the Magistrate Judge's findings and recommendation.

Specifically, the Court rejects the defendant's reliance on *United States v. Bridges*, 245 F. Supp. 2d 1034 (S.D. Iowa 2003). As the government correctly points out, *Bridges* is distinguishable in at least two major respects. First, unlike in *Bridges*, the impoundment and inventory was done pursuant to standard policy. In particular, Trooper Fahnholz testified that it was Nebraska State Patrol policy to tow and impound vehicles when the defendant did not have a valid drivers' license, the defendant did not own the vehicle being driven, and no other individual was present at the scene to whom the vehicle could be released—such as in this case. Filing 32 at 12; *see United States v. Lowe*, 9 F.3d 774, 780 (8th Cir. 2003) (finding that the

testimony of an officer can be sufficient to establish a standard law enforcement practice). Second, the vehicle in *Bridges* presented no threat to public safety when it was parked in a downtown Amoco parking lot where the vehicle (and its' contents) could be protected, the defendant could discuss leaving the vehicle with the Amoco employees, and arrangements could be made to have a licensed driver move the vehicle. *Bridges*, 245 F. Supp. 2d at 1037. But rural Nebraska is substantially different. Indeed the vehicle in this case was located approximately ten miles north of Minden, Nebraska, where it could be neither easily protected nor easily retrieved. Filing 32 at 4. And as Trooper Fahnholz testified, a vehicle abandoned on the shoulder could be hit by a passing vehicle, vandalized, or stolen, whereas impounding the vehicle removes those possibilities. Filing 32 at 35. Accordingly, the Court finds that the impoundment was not "a mere subterfuge for investigation," as in *Bridges*; rather, it was premised on an effort to support a community caretaking function and to protect the true owner's property. *Bridges*, 245 F. Supp. 2d at 1037. The impoundment was valid, and the subsequent search was lawful.

With respect to the defendant's other arguments, the Court agrees with the Magistrate Judge's findings and will adopt those findings, which are determinative of the remaining issues. Therefore, the Court will adopt the Magistrate Judge's findings and recommendation in their entirety.

IT IS ORDERED:

1.    The Magistrate Judge's Findings and Recommendation and Order (filing 33) are adopted.

2.     The defendant's objection (filing 34) is overruled.

3.     The defendant's Motion to Suppress (filing 17) is denied.

Dated this 7th day of November, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge